# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | |
|---|---|
| **CHESTER RAY WILLIAMS,**   )<br>                              )<br>    **Petitioner,**          )<br>                              )<br> v.                           )<br>                              )<br> **DAVID BERKEBILE, Warden,** )<br>                              )<br>    **Respondent.**           ) | **Civil Action No. 5:10-0251** |

### ORDER

On March 8, 2010, Petitioner, acting *pro se*, filed his "Petition for Immediate Relief from Illegal Incarceration Under Habeas Corpus Pursuant to 28 U.S.C. § 2243."[1] (Document No. 1.) In his Petition, Petitioner contends that he is "being held unconstitutionally, on sentences which have been vacated, and served in full; and a charge which has been overturned." (Id.) In support of his Petition, Petitioner attaches the following Exhibits: (1) A copy of the Final Judgment Order entered on February 12, 2010, by the United States District Court for the Western District of Texas (Id., p. 3.); (2) A copy of an "Order Setting Re-Sentencing" for March 31, 2010, entered by the United States District Court for the Western District of Texas (Id., p. 4.); (3) A copy of "Petitioner's Sentence Monitoring Computation Data as of 02-27-2010" (Id., p. 5.); and (4) A copy of Petitioner's Inmate Skill Development Plan (Document No. 1-1, pp. 2 - 3.).

Petitioner also filed a "Notice to Overturn and Request for Relief" requesting that the Court: (1) "Overturn the remaining conviction for which he has already served 54 months on the 30-month

---

[1] On March 1, 2010, Petitioner filed a "Motion to Order Immediate Release Due to Vacation of Sentence by District Court of Original Jurisdiction" in *Williams v. United States*, Civil Action No. 5:09-1055.

sentence improperly imposed;" (2) "Order his record to be expunged of these wrongful convictions;" and (3) "Any other relief the court deems appropriate." (Document No. 2.) Petitioner attaches a copy of the following as Exhibits: (1) A copy of the Final Judgment Order entered on February 12, 2010, by the United States District Court for the Western District of Texas (Id., p. 5.); (2) A copy of the "Judgment in a Criminal Case" entered on April 13, 2007, by the United States District Court for the Western District of Texas (Id., p. 6.); and (3) A copy of the "Amended Judgment in a Criminal Case" entered on April 26, 2007, by the United States District Court for the Western District of Texas (Id., p. 7.).

On January 17, 2007, Petitioner pled guilty in the United States District Court for the Western District of Texas to one count of conspiracy to attempt to possess with the intent to distribute a quantity of marijuana exceeding fifty kilograms, in violation of 21 U.S.C. § 841 and 846 (Count One); and one count of possessing with the intent to distribute a quantity of marijuana exceeding fifty kilograms, in violation of 21 U.S.C. § 841 (Count Two). United States v. Williams, Case No. 06-cr-1646 (W.D.Tex. April 12, 2007), Document No. 33. During the sentencing hearing conducted on April 10, 2007, the District Court sentenced Petitioner to a 30-month term of imprisonment as to each count, to run consecutively. Id., Document No. 39. The District Court further imposed a three-year term of supervised release as to each count to run concurrently. Id. On April 13, 2007, the District Court entered its "Judgment in Criminal Case" erroneously stating that Count Two had been dismissed by the Government. Id., Document No. 40. By "Amended Judgment in Criminal Case" entered on April 26, 2007, the District Court corrected the judgment stating that Petitioner pleaded guilty to Counts One and Two. Id., Document No. 43. On April 19, 2007, Petitioner timely filed his Notice of Appeal. Id., Document No. 42. The Fifth Circuit affirmed

Petitioner's sentence on April 11, 2008. <u>United States v. Williams</u>, 273 Fed.Appx. 392 (5th Cir. Apr. 11, 2008).

On March 13, 2009, Petitioner filed in the Western District of Texas his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. <u>United States v. Williams</u>, Case No. 06-cr-1646, Document No. 83. By Order entered on February 12, 2010, the District Court granted in part and denied in part Petitioner's Section 2255 Motion. <u>Id.</u>, Document Nos. 93 and 94. Specifically, the District Court concluded as follows: (1) "Williams is entitled to relief on his ineffective assistance of counsel claim regarding his assertion of actual innocence and the Government's failure to charge a violation of law in count one of the Superseding Indictment;" (2) "Williams is not entitled to relief on any of his other claims;" and (3) "William's conviction and sentence for count one of the Superseding Indictment is vacated and his sentence for count two of the Superseding Indictment is vacated." <u>Id.</u>, Document No. 93. By Order entered on February 18, 2010, the District Court scheduled Petitioner for resentencing on March 31, 2010.

Based on the foregoing, the undersigned finds that Petitioner's Petition should be stayed and held in abeyance until Petitioner is resentenced in the Western District of Texas on March 31, 2010. The undersigned notes that the Western District of Texas vacated only Petitioner's sentence, not his conviction, as to Count Two. Petitioner's sentence following the Texas District Court's ruling upon his Section 2255 Motion has not been pronounced. This District Court cannot possibly know therefore whether the months which Defendant has served and his credit for good time will add up to the sentence which he will receive on March 31, 2010. The Western District of Texas determined that Petitioner's sentencing guideline range was 30 to 37 months of incarceration as to Count Two. <u>United States v. Williams</u>, Case No. 06-cr-1646, Document No. 93, p. 9. Considering the months

which Petitioner has served and his entitlement to good time credit, it appears that Petitioner may currently be within that range. The undersigned therefore finds that Petitioner's request for immediate release is premature. If Petitioner speculates that the Texas District Court intends to impose a sentence encompassing less time than he has spent in custody, Petitioner should direct his request for immediate release to the Western District of Texas. Accordingly, it is hereby **ORDERED** that this matter shall be stayed and held in abeyance until March 31, 2010, the date of Petitioner's resentencing in the Western District of Texas. The Clerk is directed to remove this matter from the active docket of the District Court.

The Clerk is directed to send a copy of this Order to Petitioner, who is acting *pro se*. The Court further requests that the Clerk send a copy of this Order to the United States District Court for the Western District of Texas, District Judge Frank Montalvo, 511 East San Antonio Ave., El Paso, TX 79901.

ENTER: March 10, 2010.

R. Clarke VanDervort
United States Magistrate Judge