# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

| | |
|---|---|
| **CHESTER RAY WILLIAMS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 5:10-0251 |
| ) | |
| **DAVID BERKEBILE, Warden,** ) | |
| ) | |
| Respondent. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in Federal Custody and Application to Proceed *In Forma Pauperis*. (Document Nos. 1 and 6.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

## FACT AND PROCEDURE

On January 17, 2007, Petitioner pled guilty in the United States District Court for the Western District of Texas to one count of conspiracy to possess with the intent to distribute a quantity of marijuana exceeding fifty kilograms, in violation of 21 U.S.C. §§ 846 and 841 (Count One) and one count of possessing with the intent to distribute a quantity of marijuana exceeding fifty kilograms, in violation of 21 U.S.C. § 841 (Count Two). United States v. Williams, Case No. 06-cr-1646 (W.D.Tex. April 12, 2007), Document No. 33. During the sentencing hearing conducted on April 10, 2007, the District Court sentenced Petitioner to a 30-month term of imprisonment as to each count, to run consecutively. Id., Document No. 39. The District Court further imposed a three-year term of supervised release as to each count to run concurrently. Id. On April 13, 2007, the

District Court entered its "Judgment in Criminal Case" erroneously stating that Count Two had been dismissed by the Government. Id., Document No. 40. By "Amended Judgment in Criminal Case" entered on April 26, 2007, the District Court corrected the judgment stating that Petitioner pleaded guilty to Counts One and Two. Id., Document No. 43. On April 19, 2007, Petitioner timely filed his Notice of Appeal. Id., Document No. 42. The Fifth Circuit affirmed Petitioner's sentence on April 11, 2008. United States v. Williams, 273 Fed.Appx. 392 (5th Cir. Apr. 11, 2008).

On March 13, 2009, Petitioner filed in the Western District of Texas his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. United States v. Williams, Case No. 06-cr-1646, Document No. 83. By Order entered on February 12, 2010, the District Court granted in part and denied in part Petitioner's Section 2255 Motion. Id., Document Nos. 93 and 94. Specifically, the District Court concluded as follows: (1) "Williams is entitled to relief on his ineffective assistance of counsel claim regarding his assertion of actual innocence and the Government's failure to charge a violation of law in count one of the Superseding Indictment;" (2) "Williams is not entitled to relief on any of his other claims;" and (3) "William's conviction and sentence for count one of the Superseding Indictment is vacated and his sentence for count two of the Superseding Indictment is vacated." Id., Document No. 93. By Order entered on February 18, 2010, the District Court scheduled Petitioner for resentencing on March 31, 2010. Id., Document No. 95.

On March 8, 2010, Petitioner filed his instant "Petition for Immediate Relief from Illegal Incarceration Under Habeas Corpus Pursuant to 28 U.S.C. § 2243."[1] (Civil Action No. 10-251,

---

[1] On March 1, 2010, Petitioner filed a "Motion to Order Immediate Release Due to Vacation of Sentence by District Court of Original Jurisdiction" in *Williams v. United States*, Civil Action No. 5:09-1055.

2

Document No. 1.) In his Petition, Petitioner contends that he is "being held unconstitutionally, on sentences which have been vacated, and served in full; and a charge which has been overturned." (Id.) In support of his Petition, Petitioner attaches the following Exhibits: (1) A copy of the Final Judgment Order entered on February 12, 2010, by the United States District Court for the Western District of Texas (Id., p. 3.); (2) A copy of an "Order Setting Re-Sentencing" for March 31, 2010, entered by the United States District Court for the Western District of Texas (Id., p. 4.); (3) A copy of "Petitioner's Sentence Monitoring Computation Data as of 02-27-2010" (Id., p. 5.); and (4) A copy of Petitioner's Inmate Skill Development Plan (Document No. 1-1, pp. 2 - 3.).

Petitioner also filed a "Notice to Overturn and Request for Relief" requesting that the Court: (1) "Overturn the remaining conviction for which he has already served 54 months on the 30-month sentence improperly imposed;" (2) "Order his record to be expunged of these wrongful convictions;" and (3) "Any other relief the court deems appropriate." (Id., Document No. 2.) Petitioner attaches a copy of the following as Exhibits: (1) A copy of the Final Judgment Order entered on February 12, 2010, by the United States District Court for the Western District of Texas (Id., p. 5.); (2) A copy of the "Judgment in a Criminal Case" entered on April 13, 2007, by the United States District Court for the Western District of Texas (Id., p. 6.); and (3) A copy of the "Amended Judgment in a Criminal Case" entered on April 26, 2007, by the United States District Court for the Western District of Texas (Id., p. 7.).

By Order entered on March 10, 2010, the undersigned determined that Petitioner's Petition was premature and ordered that the case be stayed and held in abeyance until Petitioner's resentencing in the Western District of Texas on March 31, 2010. (Id., Document No. 5.) The undersigned noted that the Western District of Texas vacated only Petitioner's sentence, not his

conviction, as to Count Two. (Id.) The Court stated that it could not possibly know whether the months which Petitioner had served and his credit for good time would add up to the sentence which he wwould receive on March 31, 2010. (Id.) As scheduled, the Texas District Court resentenced Petitioner on March 31, 2010. By Order entered on March 31, 2010, the Texas District Court dismissed Count One, and resentenced Petitioner to time served as to Count Two. United States v. Williams, Case No. 06-cr-1646, Documents Nos. 96 and 97. The Texas District Court further imposed a three-year term of supervised release as to Count Two. Id. Subsequent to his resentencing in Texas, Petitioner notified this Court by telephone that he was resentenced to time served and had been released from custody.

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Application must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Application under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of his release from custody and the absence of collateral consequences, and therefore, his Section 2241 Application must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

**PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Application to Proceed *In Forma Pauperis* (Document No. 6.), **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.), and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have

seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.

Date: April 16, 2010.

R. Clarke VanDervort
United States Magistrate Judge